UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHYLLIS HOWARD,

   Plaintiff,

v.                Case No. 1:12-CV-406

BAC HOME LOANS SERVICING LP,   HON. GORDON J. QUIST
f/k/a Countrywide Home Loans
Servicing, L.P.,

   Defendant.
              /

## **OPINION**

   Plaintiff, Phyllis Howard, filed a three-count Complaint against Defendant, BAC Home Loans Servicing, L.P.[1] (BAC), in the Ottawa County Circuit Court on September 9, 2011, alleging a claim for violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.* (Count I), a claim for violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq.* (Count II), and a state-law claim captioned "Title" (Count III). Although the Complaint is light on factual allegations, it appears that Howard's claims arise out of BAC's nonjudicial foreclosure of a mortgage on Howard's property. BAC timely removed the case to this Court on April 25, 2012, alleging federal question jurisdiction as the basis for the removal.[2]

   BAC has moved for dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and Rule 12(b)(6) for failure to state a claim. For the reasons set forth below, the Court will grant BAC's motion and dismiss the Complaint with prejudice.

---

[1] BAC has merged into Bank of America, NA and is now known as Bank of America, NA. (Notice of Removal, docket no. 1.)

[2] Although BAC requests oral argument, the Court concludes that oral argument is unnecessary.

# I. BACKGROUND

The following facts are based on the allegations in Howard's Complaint, matters of public record, and exhibits attached to BAC's motion that are referred to in the Complaint.[3]

Howard owns real property commonly known as 14992 Lakeshore Drive, Grand Haven, Michigan 49417 (Property). (Compl. ¶ 3.) On or about May 26, 2005, Howard obtained a mortgage loan from Countrywide Bank in the amount of $132,000. The loan was evidenced by an adjustable rate note. (Def.'s Br. Supp. Mot. Ex. A.) Howard granted a mortgage on the Property to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Countrywide Bank, to secure repayment of the loan. The mortgage contained an adjustable rate rider. (*Id.* Ex. B.) MERS assigned the mortgage to BAC on or about August 31, 2009, and the assignment was recorded in the Ottawa County Register of Deeds on September 17, 2009. (*Id.* Ex. C.)

At some point, Howard defaulted on her loan. BAC initiated a foreclosure by advertisement. A sheriff's sale was held on March 10, 2011, at which BAC purchased the Property for $164,532.39 and received a Sheriff's Deed on Mortgage Sale. (*Id.* Ex. D.) Howard did not redeem the Property prior to the time the statutory redemption period expired, which occurred on September 10, 2011.

Howard filed her Complaint in the Ottawa County Circuit Court on September 9, 2011—one day before the redemption period expired. In Count I, Howard alleges that BAC violated TILA by fraudulently misrepresenting the rate of interest on the loan. (Compl. ¶ 8.) Regarding this claim, Howard alleges that "[t]he disclosed interest rate on the loan was 5.824%. However, the actual rate

---

[3] Although a court is normally precluded from considering matters outside of the pleadings in addressing a motion under Rule 12(b)(6), courts may consider various documents without converting the motion to a motion for summary judgment. "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

was 9.145%. This was a discrepancy of 3.321%." (*Id.*) In Count II, Howard simply alleges that the conduct supporting her TILA claim "is in clear violation of" RESPA. (*Id.* ¶ 11.) Finally, in Count III, Howard alleges that "[u]pon information and belief, [BAC] does not hold proper title to the property and, therefore, had no right to foreclose on this property. This property was a MERS mortgage." (*Id.* ¶ 13.) For relief on Counts I and II, Howard requests, among other things, that the Court set aside the sheriff's deed and foreclosure sale.

## II. MOTION STANDARD

BAC states that it brings the instant motion pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The basis for BAC's motion to dismiss for lack of jurisdiction under Rule 12(b)(1) is that the redemption period has expired and Howard lacks standing to assert any claim regarding the Property. BAC cites *Fortson v. Federal Home Loan Mortgage Corp.*, No. 12-CV-10043, 2012 WL 1183692 (E.D. Mich. Apr. 9, 2012), to support its contention that Howard lacks standing. The court in *Fortson* stated that "[a]fter redemption expires, the former owner has no standing to make claims with respect to the property." *Id.* at *3. The *Fortson* court cited an unreported Michigan Court of Appeals case, *Overton v. Mortgage Electronic Registration Systems*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009) (per curiam), regarding standing. In a recent unreported case, however, the Sixth Circuit noted that "[f]ederal district courts have split over whether the plaintiff in *Overton* lacked standing—a possibility mentioned in, but not analyzed by, the Michigan Court of Appeals—or whether instead the plaintiff lost his claim on the merits." *Houston v. U.S. Bank Home Mortg. Wis. Servicing*, No. 11-2444, 2012 WL 5869918, at *4 (6th Cir. Nov. 20, 2012). The Sixth Circuit concluded that *Overton*'s holding did not turn on standing because such an outcome would have been at odds with Michigan law holding that a mortgagor may hold over after a foreclosure and test the validity of the sale in a summary eviction proceeding after

3

the redemption period expires. *Id.* (citing *Mfrs. Hanover Mortg. Corp. v. Snell*, 142 Mich. App. 548, 553, 370 N.W.2d 401, 404 (1985)). Given the Sixth Circuit's persuasive explication of *Overton*, this Court concludes that Howard has standing to maintain her claim regarding the validity of the foreclosure. Therefore, BAC's motion is properly considered a motion to dismiss for failure to state a claim under Rule 12(b)(6).[4]

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). The court must accept all of the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[W]here the well-pleaded facts do not permit the court to infer

---

[4] BAC's standing argument does not extend to Howard's TILA and RESPA claims, as to which BAC impliedly concedes Howard has standing.

4

more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[5] *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

A. **Howard's TILA Claim Fails as a Matter of Law and is Time-Barred**

Howard alleges in Count I that BAC fraudulently misrepresented that the annual percentage rate (APR) of interest as 5.824%, while the actual rate was 9.145%. Howard alleges that this discrepancy violated TILA because the difference between the disclosed APR and the actual rate was more than 0.25%, which exceeds Regulation Z's tolerance for discrepancies between the disclosed and the actual rate. *See* 12 C.F.R. § 226.22(a)(3). (Compl. ¶ 8.) Howard further alleges that the disclosed finance charge of $181,350.17 was $135,360.16 below the actual finance charge of $316,710.33, which exceeds Regulation Z's $100 tolerance for accuracy of the finance charge. *See* 12 C.F.R. § 226.23(g)(1). (*Id.* ¶ 9.) However, as BAC has shown, the loan was an adjustable rate loan and the mortgage contained an adjustable rate rider, stating that "[t]he note contains provisions that will change the interest rate and the monthly payment." (*Id.* Ex. B at 13.) Moreover, the 9.145% rate that Howard alleges as the actual rate was within the maximum possible interest rate of 9.950% set forth in both the note and the mortgage. (*Id.* at 14.) Thus, the note and mortgage, which show that Howard obtained an adjustable rate loan, demonstrate that Howard's TILA claim fails as a matter of law.[6]

---

[5] In her response, Howard incorrectly refers to BAC's Motion to Dismiss as a Motion for Summary Judgment. Because the issue is whether Howard states a claim in the first instance, Howard's reliance on the summary judgment standard and her argument that she has not had the opportunity for discovery are misplaced.

[6] Howard does not address the merits of her TILA claim in her response to BAC's motion, other than to point to an unspecified report purportedly establishing that the actual finance charge exceeded the disclosed finance charge.

5

Even if Howard stated a viable TILA claim, her claim is time-barred. An action under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *United States v. Petroff-Kline*, 557 F.3d 285, 296 (6th Cir. 2009). The alleged TILA violation could have occurred no later than May 26, 2005, when Howard signed the note and mortgage, but Howard did not file her Complaint in this case until September 9, 2011—more than six years after the alleged violation.[7]

The TILA statute of limitations is subject to equitable tolling, including for the doctrine of fraudulent concealment. *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1041 (6th Cir. 1984); *see also Elson v. Deutsche Bank Nat'l Trust Co.*, No. 11-14100, 2012 WL 1902916, at *7 (E.D. Mich. May 25, 2012) ("When fraudulent concealment is established the TILA statute of limitations is subject to equitable tolling."). Under the fraudulent concealment doctrine, "the one year period will begin to run when the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation." *Jones*, 747 F.2d at 1041. "Three elements must be pleaded in order to establish fraudulent concealment: (1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975). In addition, a claim of fraudulent concealment must be pled with particularity, as required by Fed. R. Civ. P. 9(b). *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 850 (6th Cir. 2006). Although Howard

---

[7] In her prayer for relief to Count I, Howard requests that the Court "grant a recision [sic]." It is not clear whether Howard requests rescission of the foreclosure sale, the mortgage loan, or both. To the extent Howard requests rescission of the mortgage loan, it appears that the loan at issue is a "residential mortgage transaction" that is exempt from TILA rescission. 15 U.S.C. § 1635(e)(1). Even if the loan were not exempted from TILA rescission, Howard's request for rescission would be untimely. Claims for rescission are subject to a three-year statute of repose. 15 U.S.C. § 1635(f). Furthermore, the statute of repose cannot be equitably tolled. *Williams v. Wells Fargo Home Mortg., Inc.*, 410 F. App'x 495, 499 (3d Cir. 2011).

refers to fraudulent concealment in her response, she fails to allege, let alone with particularity, sufficient facts showing that BAC concealed anything from Howard. Howard alleges—in a conclusory fashion—only that BAC "fraudulently misrepresented the rate of interest on the loan." Furthermore, Howard fails to allege that she lacked the means to discover the basis of her claim.

**B.     Howard's RESPA Claim Fails as a Matter of Law and is Time-Barred**

Howard alleges in Count II that the conduct she alleged as a TILA violation is also a "clear violation of [RESPA]." (Compl. ¶ 11.) Apart from the fact that Howard cites 12 U.S.C. § 2605(e)(1)(B)(e)—a non-existent statutory provision—as supporting her claim, Howard's RESPA claim fails for the same reasons as her TILA claim. Howard's RESPA claim is also subject to dismissal because an action based on section 6 of RESPA, 12 U.S.C. § 2605, must be brought "within 3 years . . . from the date of the occurrence of the violation." 12 U.S.C. § 2614; *see also Elson*, 2012 WL 1902916, at *8. The limitations period commences on the date of closing of the mortgage loan. *Id.* Because the closing in this case occurred no later than May 26, 2005, Howard's RESPA claim is more than three years too late.

Although the Sixth Circuit has not specifically determined whether equitable tolling applies to RESPA claims, it has noted that many district courts have concluded that RESPA claims are subject to equitable tolling. *See Egerer v. Wells Fargo Bank, N.A.*, 556 F.3d 415, 421 n.10 (6th Cir. 2009). Assuming that equitable tolling applies to RESPA claims, Howard fails to show any basis for applying equitable tolling. In her brief, Howard does mention fraudulent concealment as a basis for equitable tolling of the limitations period for her RESPA claim, but, for the reasons already discussed, Howard fails to establish a factual basis for fraudulent concealment.

## C. Howard's Count III Claim Fails as a Matter of Law

In Count III, captioned "Title," Howard alleges that BAC "does not hold proper title to the property and, therefore, had no right to foreclose on this property." BAC interprets this claim as a request to quiet title and argues that it is subject to dismissal because quiet title is a remedy rather than a separate cause of action. *See Steinberg v. Fed. Home Loan Mortg. Corp.*, No. 11-CV-15182, 2012 WL 498297, at *7 (E.D. Mich. Sept. 28, 2012) (stating that "quiet title is a remedy and not a separate cause of action") (citing *Shaya v. Countrywide Home Loans, Inc.*, No. 11-1484, 2012 WL 1816233, at *4 (6th Cir. May 21, 2012)). While the Court agrees with BAC that Howard's claim could be read as a request to quiet title, Howard's claim is more reasonably construed as a challenge to the validity of the foreclosure. Even so, the claim still lacks merit.

In Michigan, the rights of a mortgagor and mortgagee after foreclosure are controlled by statute. *Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 52, 503 N.W.2d 639, 642 (1993). The foreclosure statute provides that once the redemption period has expired, all of the mortgagor's rights in the property are extinguished by operation of law. M.C.L. § 600.3236; *see Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187–88, 4 N.W.2d 514, 517 (1942). The six-month statutory redemption period under M.C.L. § 600.3240 may not be extended absent a clear showing of fraud or irregularity. *Overton*, 2009 WL 1507342, at *1 (citing *Schulthies v. Barron*, 16 Mich. App. 246, 247–48, 167 N.W.2d 784, (1969)). The fraud or irregularity must be present in the foreclosure process itself. *Williams v. Pledged Prop. II, LLC*, No. 12-1056, 2012 WL 6200270, at *2 (6th Cir. Dec. 13, 2012). Thus, to upset the foreclosure once the redemption period has expired "would require a strong case of fraud or irregularity, or some peculiar exigency." *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997) (citing *Detroit Trust Co. v. Aqozzino*, 280 Mich. 402,

8

405–06, 273 N.W. 747, 748 (1937) and *Calaveras Timber Co. v. Mich. Trust Co.*, 278 Mich. 445, 450, 270 N.W. 743, 745 (1936)).

In the instant case, Howard alleges no fraud in connection with the foreclosure. The only defect in the foreclosure process that Howard alleges, as the Court understands it, is that BAC did not have a mortgage interest in the Property at the time it initiated the foreclosure, as required by M.C.L. § 600.3204. BAC has shown that this allegation is demonstrably false because MERS assigned the mortgage to BAC on August 31, 2009—before BAC initiated the foreclosure. Accordingly, Howard is not entitled to relief.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant BAC's Motion to Dismiss and dismiss Howard's Complaint with prejudice.

An Order consistent with this Opinion will be entered.

Dated: January 23, 2013            /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE